## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS  DIVISION

| | |
|---|---|
| **PAULA L. McCARRELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )          **1:07-cv-00665-WTL-DML** |
| | ) |
| **ASHWOOD FINANCIAL, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendant's motion for summary judgment (dkt. no.

41).[1]  The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART AND**

**DENIES IN PART** the motion for the reasons and to the extent set forth below.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56(c) provides that the entry of summary judgment is

appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for

summary judgment, the admissible evidence presented by the non-moving party must be

believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v.*

*Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007).

---

[1]This Entry addresses only the issues raised in the Defendant's original motion for summary judgment.  At the direction of the Magistrate Judge then assigned to this case, the Plaintiff briefed additional issues in her "supplemental response" to the Defendant's motion (dkt. #55).  The briefing on those issues is not yet complete, and therefore this Entry does not resolve them; rather, they will be resolved by separate Entry once they are ripe for resolution.

*Factual Background*

The relevant facts of record, viewed in the light most favorable to Plaintiff Paula McCarrell are as follow.[2]  McCarrell began her employment with Ashwood Financial, Inc. ("Ashwood") in June 2000.  At that time, McCarrell worked 40 hours per week.  In November 2002, McCarrell slipped and fell at work, injuring her back.  She subsequently filed a worker's compensation claim.  During the next eight months, McCarrell was increasingly absent due to visits to her physician.  Following each absence, she provided her supervisor with a physician statement.  McCarrell underwent back surgery during the summer of 2003, leaving her unable to work until November 2003.  When she returned, McCarrell worked four to six hours per day at the office and completed her medical billing work from home.

Despite her surgeries, McCarrell continued to have back pain and was ordered by her physician to stop working in July 2004.  She underwent another back surgery in September 2004, and her physician again ordered her off work.  In June 2005, McCarrell underwent her fourth back surgery.  She notified Ashwood of the procedure and informed her supervisor that she would be able to do medical billings work at home, but her supervisor denied this request and refused to let her speak with Dan Bailey, the President of Ashwood.

On January 13, 2006, McCarrell received notice from Ashwood that she was terminated. On January 26, 2006, she faxed Ashwood a physician statement confirming that she could perform limited work from home, but her supervisor informed her that she would not be able to return to work.

---

[2]The Defendant disputes many of the facts alleged by the Plaintiff.

*Discussion*

McCarrell's complaint asserts a claim under the Americans with Disabilities Act ("ADA"), a claim under the Age Discrimination in Employment Act ("ADEA"), and a claim for retaliation under Indiana common law.  In her response to the instant motion, McCarrell concedes that she does not have sufficient evidence to defeat summary judgment with regard to the latter two claims. Accordingly, Ashwood's motion for summary judgment is **GRANTED** with regard to McCarrell's ADEA and retaliation claims.

In her remaining claim, McCarrell alleges that Ashwood unlawfully discriminated against her in violation of the ADA when it failed to accommodate her disability.  In the instant motion, Ashwood argues that McCarrell cannot demonstrate that it had enough employees to qualify as an employer under the ADA.  Under the ADA, an "employer" is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."  42 U.S.C. § 12111.

In its initial brief, Ashwood contended that it had fewer than fifteen employees in 2007, the year McCarrell filed her complaint, and in 2006, the preceding year.  However, as McCarrell points out, the operative years are 2005 and 2006, inasmuch as McCarrell was terminated in 2006 and it is that event, not the filing of this suit in 2007, that is relevant to the definition of "employer" for ADA purposes.  *Mizwicki v. Helwig*, 196 F.3d 828, 831 (7th Cir. 1999). McCarrell also points out that the payroll records submitted by Ashwood appear to show that Ashwood did, in fact, have at least 15 employees in at least 20 weeks in 2006; Ashwood's claim to the contrary failed to take into account the fact that its salaried employees were paid bi-weekly

and therefore only appeared on the payroll records every other week.  Ashwood apparently

concedes this argument, inasmuch as it does not address it in its reply brief.

Because the evidence of record does not support Ashwood's assertion that it did not have

enough employees to satisfy the ADA's definition of "employer," Ashwood's motion for

summary judgment on that issue is **DENIED**.

As noted at the outset of this Entry, the parties have raised additional issues by means of

a "supplemental response" filed by the Plaintiff.  Those issues are not yet fully briefed because

the current deadline for the Plaintiff's surreply brief is tied to the date of a settlement conference

which has been continued numerous times at the request of the parties.  The Court believes that it

is in everyone's best interest to set a date certain to complete briefing of the motion.

Accordingly, the Plaintiff shall file her surreply by **April 1, 2009**.

SO ORDERED:  03/18/2009

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

John H. Haskin
HASKIN LAUTER & LARUE
jhaskin@hlllaw.com

Karen B. Neiswinger
ATTORNEY AT LAW
kneiswinger@att.net

Richard W. McMinn
HASKIN LAUTER & LARUE
rmcminn@hlllaw.com